UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOBBY L. PERRY, SR.,

  Plaintiff,

  v.

C/O T. WALKER SERGEANT,

  Defendant.

Case No. 2:25-cv-08336-JWH-JDE

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Under 28 U.S.C. § 636, the Court has reviewed the records on file, including the operative Second Amended Complaint (ECF No. 9), the Report and Recommendation of the Magistrate Judge (ECF No. 11, "Report"), and Objection to the Report filed by Plaintiff Bobby L. Perry, Sr. (ECF No. 13). The Court has engaged in a *de novo* review of the portions of the Report to which objections have been made.

In this prisoner civil rights action, Perry alleges that his rights were violated due to placement in a restrictive housing unit based upon false evidence. (ECF No. 9.) The Report recommends dismissal of the action without further leave to amend. Perry's objections to the Report do not merit any change to the Report's findings or recommendations.

Perry objects that the Magistrate Judge did not conduct an evidentiary hearing or open discovery. (ECF No. 13 at 2.) An evidentiary hearing and discovery are not warranted because Perry has failed to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (when a litigant has not alleged sufficient factual matter to state a plausible claim for relief, he is "not entitled to discovery, cabined or otherwise"); *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (an evidentiary hearing is not required when the litigant failed "to allege specific facts which, if true, would entitle him to relief").

Perry objects that he is uneducated in the law and that he was denied the appointment of counsel. (ECF No. 13 at 2.) The Court agrees with the Magistrate Judge that the appointment of counsel is not warranted. (ECF No. 7.) Perry did not demonstrate the exceptional circumstances of a likelihood of success on the merits and an inability to articulate his claims *pro se* in light of the complexity of the legal issues involved. (*Id.*)

2

Perry objects to the Report's analysis that he failed to allege to state a claim, given that he alleged that Defendant falsified the accusation. (ECF No. 13 at 3.) The Court agrees with the Report that "Plaintiff's allegations that Defendant issued a 'false' disciplinary charge are insufficient to state a cognizable Section 1983 claim." (ECF No. 11 at 8 (collecting cases)). Similarly, "[t]he failure to properly investigate disciplinary charges alone does not violate the Constitution." (*Id.* at 8-9.)

For those reasons, it is hereby **ORDERED** as follows:

1.      The findings and recommendations of the Magistrate Judge are **ACCEPTED**.

2.      Perry's IFP Request (ECF No. 2) is **DENIED**.

3.      Judgment shall be entered **DISMISSING** all federal claims asserted in this action **with prejudice** and all state law claims **without prejudice**.

**IT IS SO ORDERED.**

Dated: February 23, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

3